IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


TRAVIS J. CLEVELAND                                                            PLAINTIFF

v.                                              CIVIL NO. 21-3063


KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Travis J. Cleveland, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) finding he is no longer entitled to disability benefits under the provisions of Title II of the Social Security Act as of March 1, 2019, due to medical improvement. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff was found to have become disabled as of October 24, 2011, by an ALJ's decision dated December 2, 2015. (Tr. 16).  Pursuant to the continuing disability review process, on March 28, 2019, Plaintiff was determined to no longer be disabled as of March 1, 2019. (Tr. 16). A telephonic hearing before a hearing officer was held on October 31, 2019, and the cessation of Plaintiff's disability benefits was affirmed by a decision dated December 4, 2019. (Tr. 195-216). Plaintiff appealed the hearing officer's decision. (Tr. 219).  A subsequent telephonic administrative hearing before an ALJ was held on October 26, 2020, at which Plaintiff, after being informed of his right to representation, testified without the assistance of a representative.  (Tr. 85-109).

By written decision dated January 15, 2021, the ALJ found that the most recent favorable medical decision finding Plaintiff was disabled is December 2, 2015, and that this date is known

as the comparison point decision (CPD). (Tr. 18). The ALJ found at the time of the CPD, Plaintiff had the following severe impairments: seizures and migraines. (*Id.*). These severe impairments were found to medically equal Listing 11.03.[1] (*Id.*). The ALJ found Plaintiff had a medical improvement that was related to the ability to work as of March 1, 2019, because Plaintiff no longer had an impairment or combination of impairments that met or medically equaled the same listing(s) that was equaled at the time of the CPD. *Id*. The ALJ found that through the date of the decision, Plaintiff had not engaged in substantial gainful activity. *Id*. The ALJ found that since March 1, 2019, Plaintiff had the following severe impairments or combination of impairments: degenerative disc disease of the lumbar spine, status post fusion and old fracture, epilepsy (seizure disorder), and obesity. *Id*. However, after reviewing all of the evidence presented, the ALJ determined that as of March 1, 2019, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4; and therefore, a medical improvement occurred on March 1, 2019.  (Tr. 21). The ALJ found that as of March 1, 2019, Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except occasional ramps, balance, stoop, kneel, crouch, and crawl; he should avoid hazards, such as motor vehicles, ladders, ropes, or scaffolds, moving mechanical parts, unprotected heights, deep water and open flames.

(Tr. 22).  With the help of a vocational expert, the ALJ determined that as of March 1, 2019, Plaintiff retained the ability to perform his past relevant work as a cashier, and other work as a sales attendant, merchandise marker, and furniture rental clerk. (Tr. 26).

---

[1] The ALJ noted that Listing 11.03 was repealed and combined/replaced with Listing 11.02 for epilepsy. (Tr. 18). The ALJ evaluated Plaintiff's seizure under Listing 11.02.

Plaintiff requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff denied that request on July 2, 2021. (Tr. 1-6).  Subsequently, Plaintiff filed this action.  (ECF No. 2).  This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6).  Both parties have filed appeal briefs, and the case is now ready for decision.  (ECF Nos. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following issues on appeal: 1) The ALJ erred in finding Plaintiff experienced a medical improvement; and 2) The ALJ erred in not adequately apprising Plaintiff of his right to a representative.

After reviewing the record, the Court finds substantial evidence supporting the ALJ's determination that Plaintiff experienced a medical improvement as his impairments no longer met a Listing. *See* 20 C.F.R. § 404.1594(c)(3)(i). In addressing Plaintiff's severe impairments, the ALJ

pointed to the medical evidence revealing that when Plaintiff was compliant with his medication his symptoms were controlled. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000) (impairments that are controllable or amenable to treatment do not support a finding of total disability). In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the non-examining agency medical consultants; Plaintiff's subjective complaints; and his medical records. As discussed by the ALJ, the record revealed that during the time period in question, Plaintiff was able to take care of all of his personal needs, to help care for his children, to take his children to and from school, to do most of the housework for the family, to manage his own finances, to shop, to play video games and watch television, and to help take care of his mother-in-law who lived in the home after having a stroke.

This Court further finds that Plaintiff was more than adequately informed of his right to representation. The record revealed Plaintiff was informed on at least four different occasions of his right to be represented by counsel. (Tr. 89, 219-220, 221-223, 234-240). Such notice is sufficient to satisfy the requirements in the Eighth Circuit for notifying a claimant of his right to representation. *See Wingert v. Bowen*, 894 F.2nd 296, 298 (8th Cir. 1990) (holding that the SSA's notice of hearing which clearly explained a claimant's right to counsel and the claimant's reply to such a notice indicated a desire to proceed without counsel and a reasonable grasp of the regulations and procedure involved satisfied the SSA's duty to notify claimant of a right to counsel).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL

4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits),

*aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

      DATED this 3rd day of October 2022.

/s/   *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE